## Barnes *against* Baker and Sledge.

IN the Circuit Court of *Lauderdale* County, *Chapel Sledge* made a motion against *Joseph N. Baker*, Sheriff of that County. *Baker* appeared and admitted due notice. *Sledge* then gave in evidence three fi. fas. from said Court in his favour against *Thomas W. Edwards*, received by the Sheriff on 1st of *May*, 1821, 13th *November*, 1821, and 15th *October* 1823 ; and an injunction from said Court issued 17th *January*, 1822 (and received by the Sheriff 28th *January*, 1822), on the bill of *Edwards* against *Sledge*, enjoining further proceedings on the judgment on which the three executions above mentioned had issued. The fi. fas. were numbered 123, and were the original alias and pluries on the same judgment. The first execution was endorsed " Received " 1st *May*, 1821. This case stayed *October* 4th, 1821, C. B. " *Rountree*, Sheriff." At *November* Term 1821, the Circuit Court adjudged the " stay bond" to be void. The alias fi. fa. was endorsed, " Received 30th *November* 1821, C. B. *Rountree*, Sheriff"—" stayed by injunction 26th *March*, 1822." The pluries was endorsed, " Received, 15th *October*, 1823. " Levied on a negro woman and child as the property of " *Thomas W. Edwards*, property sold for $540 12½, which " was paid over on this execution by order of the Court, at " *March* Term, 1824 ; no more property found in my County, " *J. N. Baker*, Sheriff."

And thereupon come *George Barnes* and claimed the money made on the last mentioned execution, and exhibited three writs of fi. fa. in his favour against said *Edwards*

DECEMBER, 1824.
being also original, alias and pluries on the same judgment, the first of which was received by the Sheriff *Baker* on the 7th day of *November*, 1822, and returned " Receipt filed for " the plaintiff's debt and costs unpaid, 26 *March*, 1823. " Levied on one negro woman *Charlotte* and child named " *Henderson*, 26th *March*, 1823. Money not made for want " of time." On the alias execution a memorandum of the levy of the first was endorsed, and it was returned, " came to " hand 1st *May*, 1823. Satisfied, *J. N. Baker*, Sheriff, by his " deputy *J. W. Byrne*." The third execution was received by the Sheriff on the 6th of *October*, 1823, which was returned endorsed.

Barnes
-v.-
Baker & Sledge.

" *Presley Ward* surrendered negro woman *Charlotte*, and " her child *Henderson* to *John W. Byrne*, Deputy Sheriff, in " discharge of himself as security for her delivery heretofore " 12th *December*, 1823, and he acknowledges the same, *J. N.* " *Baker*, Sheriff, by his deputy, *J. W. Byrne*. Property sold " and proceeds applied to an execution in my hands at the " same time in favour of *Chapel Sledge* against *Thomas W.* " *Edwards*, by order of the Court at its *March* Term, 1824. " *J. N. Baker*, Sheriff.

" The alias execution satisfied as per receipt filed by *J.* " *W. Byrne*, is no satisfaction, said receipt refused to be ac- " cepted or acknowledged by the plaintiff as genuine. " *George Coalter*, Attorney for the plaintiff."

It appeared by the Record that the injunction obtained by *Edwards* against *Sledge* had been dissolved on the 4th day of *October*, 1823. The Circuit Court rendered judgment against *Baker* for $540 12½, the amount of the sale of the negro woman and child, as by the return on the third execution ; whereupon *Barnes* was made a party to the motion by consent, with leave to prosecute a writ of Error to determine whether he or *Sledge* be entitled to the money.

*Coalter* for plaintiff.

*McKinley* and *Hopkins* for defendant in Error.

Judge *Gayle* delivered the opinion of the majority of the Court.

On the part of *Sledge*, it has been contended that the lien of his executions delivered to the Sheriff on the 1st of *May* and 30th of *November*, 1821, was not destroyed by the injunction. In England, security is not required on obtaining an injunction, but the sheriff is bound to proceed on the execution unless the defendant should pay the money into Court or deposit it as the Court may order. When the execution has begun to operate, the injunction does not interfere until

it is paid. On granting the injunction there could be no reason to require security; hence the doctrine that an injunction does not destroy the lien of an execution. But by our Statute of 1807, (Laws Ala. 298,) the Sheriff is required under a penalty to refund to the defendant in the execution, when an injunction has been obtained, the money which he may have received on it ; and the uniform practice here has been to require bond and security of. the party obtaining an injunction to the judgment ; and if the Sheriff has levied and not sold, he returns the property. The bond and security are a substitute for the money which may be in the hands of the Sheriff, and if the money which might be raised from the sale of the property is to be refunded, it follows that the property, if not sold, is to be returned.

But it is said that the lien extends to other property, though it may be inoperative on the particular property levied on. When the Sheriff has taken property sufficient to satisfy the execution, it becomes vested in him, and he alone is answerable to the plaintiff. If then sufficient property be levied on, the lien can extend no farther.

But the determination of this point, although mainly contested in the argument, is not necessary to the decision of the case. From the Record it appears that the second execution in favour of *Barnes*, which was received by the Sheriff on the 1st of *May* 1823, was returned satisfied without any reference to the receipt mentioned in the former return. If *Barnes* has not received his money, the Sheriff on the proper motion against him would be concluded by his own return.

Judge *Crenshaw.*—Though I agree in affirming the judgment I cannot assent to all the reasoning expressed in the opinion of the majority of the Court.

I dissent from the position that an injunction destroys the lien of an execution. In my opinion, when an execution has once acquired a lien, that lien, unless by the act or negligence of the plaintiff, cannot be destroyed until the execution is satisfied. An injunction may suspend or postpone its operation, or if the property has been sold and the money refunded, may, under the Act of 1807, which has been referred to, defeat the specific lien on the property levied on ; but to say that an injunction, obtained *ex parte* by the defendant, destroys the lien of the execution, is giving to the Statute a construction and operation which, in my opinion, was not intended by the Legislature. If this be the law, an execution can afford but little security until it is satisfied ; for the defendant may, in almost any case, obtain an injunction ; and if this remove the lien, may, the mo-

DECEMBER, 1824. ment afterwards, dispose of the whole of his estate ; and when the injunction shall be dissolved, the plaintiff will find nothing to satisfy his judgment. It cannot have been intended by the Legislature to open so wide a door to fraud.

Barues
v.
Baker & Sledge.

Judgment affirmed.

Judge *Minor* not sitting.